IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| AMBROCIO SALINAS, JR. | § | |
| | § | |
| v. | § | C.A. NO. C-09-233 |
| | § | |
| RICK THALER | § | |

**MEMORANDUM AND RECOMMENDATION TO**
**GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Stevenson Unit in Cuero, Texas. (D.E. 1). On July 24, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging his conviction. Id. Pending is Respondent's motion for summary judgment claiming that the petition is time-barred. (D.E. 12). Petitioner filed a response on March 29, 2010. (D.E. 14). For the reasons stated herein, it is respectfully recommended that Respondent's motion be granted, and this habeas action be dismissed.

**I. JURISDICTION**

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner was convicted of his underlying charge in the 347th Judicial District Court of Nueces County, Texas. (D.E. 1, at 2).

Jurisdiction is, therefore, proper in this Court.

## II.  BACKGROUND

A grand jury in Nueces County, Texas indicted Petitioner with unlawful possession of heroin with intent to deliver by a habitual felony offender. Ex Parte Salinas, WR-17,106-08, at 36.  On September 4, 1991, he appeared in the 347th Judicial District Court of Nueces County to enter a plea of guilty to possession of heroin. Id. at 30-31.  He was admonished by the court that his plea must be voluntary and the charges against him were explained. Id.  Subsequently, he acknowledged his understanding of the admonishment and that his plea was made voluntarily. Id.  He waived his right to trial by jury, pleaded guilty to the crime charged in the indictment, id. at 21, and signed a confession. Id. at 37-38.  That same day, he was convicted and sentenced to ten years of imprisonment. Id. at 21-22.  He did not appeal the conviction. (D.E. 1, at 3).

On April 3, 2009, he filed a state petition for habeas corpus with the Texas Court of Criminal Appeals claiming that he received ineffective assistance of counsel, the evidence used against him was recovered in an illegal search violating the Fourth Amendment, and his sentence and conviction were illegal. Ex Parte Salinas, WR-17,106-08, at 2-12.  The court denied that petition on June 10, 2009 without written order based upon the trial court's findings. Id.

### III.  DISCUSSION

Petitioner claims that (1) he was convicted with evidence obtained through an illegal search violating the Fourth Amendment, (2) he received ineffective assistance of counsel, (3) his guilty plea was involuntarily induced by his attorney's failure to file motions to suppress evidence, for a new trial, or for a limited appeal, (D.E. 1, at 7-9), and (4) he was not read his Miranda rights by police.  (D.E. 2, at 1-2).  In response, Respondent avers the petition is time-barred. (D.E. 12).

**A.   The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the

court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner's Claims Are Time-Barred.**

**1.     Petitioner filed his habeas petition after the AEDPA one-year limitation expired.**

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitations period for filing a federal habeas petition in district court by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). That period runs from the latest of four alternative dates:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Additionally, for convictions where the limitations period would have expired before AEDPA's enactment on April 24, 1996, a new limitations period lasting through April 24, 1997 applies. Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir.

1998).

Nevertheless, certain actions will toll the limitation period. For example, a prisoner may not be granted federal habeas relief unless he has first sought state habeas review and been denied relief. 28 U.S.C. § 2254(b)(1). While a prisoner seeks that state review, the AEDPA one-year period will be tolled:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Applying § 2244(d)(1), Petitioner's statute of limitations would have expired long before AEDPA's enactment. He does not establish that an impediment ever prevented him from filing his petition,[1] nor that a newly recognized Constitutional right applies to his case, or that the factual predicate underlying his claim was discovered after his conviction became final. Thus,

---

[1] Plaintiff claims that "evidence ... was purposely being withheld by the state of Texas and was a state created impediment in [sic] which was not remove [sic] until April 16, 2009." (D.E. 14, at 2). Beyond making this claim, Petitioner does not explain what evidence was withheld, and he does not include any evidence in his petition for that matter. Furthermore, if the State of Texas really withheld evidence and finally turned it over on April 16, 2009, it was not enough of an impediment to prevent him from filing his state petition, which included the same claims, thirteen days earlier on April 3, 2009. Moreover, if the State had turned over the previously withheld evidence on April 3, 2009, it surely would have been included in his July 24, 2009 federal petition, but none was presented.

§ 2244(d)(1)(A) applies, and the AEDPA statute of limitations would have begun running when Petitioner's judgment became final.

Because Petitioner was convicted on September 4, 1991, his judgment became final when his right to appeal expired thirty days later on October 4, 1991. See Tex. R. App. P. 26.2(a)(1). He does not claim any conditions that would have tolled the statute in that one-year period. Therefore, the statute of limitations would have expired well in advance of the enactment of AEDPA, and, as a result, Petitioner's limitations period for filing a federal habeas petition expired on April 24, 1997. His April 3, 2009 state petition, filed almost twelve years after the limitations period expired, did not toll the limitations period. Therefore, his July 24, 2009 federal petition is untimely.

Accordingly, it is respectfully recommended that the petitioner filed his federal petition after the AEDPA limitations period expired.

### 2. Petitioner is not entitled to equitable tolling.

The decision to invoke equitable tolling is within the discretion of the district court. See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit "has held that equitable tolling of the AEDPA limitations period is available "'in rare and exceptional circumstances' where it is necessary to 'preserve a plaintiff's claims when strict application of the statute of limitations

would be inequitable.'" Johnson v. Quarterman, 483 F.3d 278, 286 (5th Cir. 2007) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). "To be entitled to equitable tolling, [petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Excusable neglect or ignorance of the law do not justify equitable tolling. Fierro, 294 F.3d at 682. Equitable tolling of the limitations period applies principally where the petitioner is actively misled by the respondent about the petition, or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (per curiam) (citation omitted). A prisoner proceeding pro se is not a "rare and exceptional" circumstance. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted).[2]

Petitioner claims that he is entitled to equitable tolling because the State of Texas purposely withheld evidence from him, creating an impediment that was not

---

[2] Respondent suggests that equitable tolling may not apply to federal habeas petitions based on his reading of Bowles v. Russell, 551 U.S. 205 (2007). (D.E. 12, at 5). However, Bowles struck down a local court rule as being unconstitutional because it conflicted with a jurisdictional requirement. See Bowles, 551 U.S. at 208, 214. The Supreme Court never considered the doctrine of equitable tolling. Moreover, Respondent concedes that the Supreme Court has not struck down, and the Fifth Circuit still upholds, equitable tolling in habeas petitions. (D.E. 12, at 5). Indeed, he does not cite any case that supports his interpretation of Bowles.

removed until April 16, 2009. (D.E. 14, at 2). If this allegation were true, it would be the kind of extraordinary act mentioned in Coleman, but it is a baseless accusation. Although Petitioner claims that the State of Texas impeded him from filing his habeas petitions by withholding evidence until April 16, 2009, he was able to file his state petition on April 3, 2009, before this alleged evidence was produced. Furthermore, his July 24, 2009 federal petition is void of any evidence, let alone the purportedly April 16, 2009 produced evidence. Indeed, he did not even mention this allegedly illegal withholding until March 29, 2010. Ultimately, Petitioner does not provide any evidence that the State of Texas withheld evidence or subsequently produced it.

Additionally, because there is no basis to support Petitioner's claim that evidence was withheld from him, his extreme delay in challenging his conviction bars equitable tolling. In Pace, the Supreme Court considered a federal habeas petitioner who sought to equitably toll the AEDPA limitations period because his sentence was illegal, his plea was invalid, and he received ineffective assistance of counsel. 544 U.S. at 418. He did not bring his claims until two of them had been ripe for ten years, and the other for five. Id. at 418-19. The Court found that the petitioner's claims were not extraordinary circumstances. Instead, because of the petitioner's delay in filing, the Court determined his "lack of diligence preclude[d]

equity's operation." Id. at 419 (citation omitted). Here, Petitioner waited more than seventeen years after his conviction to file his state petition. That filing occurred almost twelve years after his AEDPA statute of limitations expired. Furthermore, he never filed a direct appeal in his case. As established in Pace, Petitioner waited far too long before challenging his conviction.

Additionally, even if Petitioner's allegation of withholding evidence was true, his claims that he received ineffective assistance of counsel, was induced to plead guilty, and was not read his Miranda rights would still have been readily available to him immediately once his judgment became final on October 4, 1991. He supports these claims only with facts that Petitioner has known since that time.

Accordingly, it is respectfully recommended that Petitioner is not entitled to equitable tolling.

**C.     Petitioner's First, Second, and Fourth Claims Were Waived.**

The Fifth Circuit has explained that "once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," except for ineffective assistance of counsel claims relating to the voluntariness of the plea. Smith v. Estelle, 711 F.2d 677, 682 (5th Cir. 1983) (citation omitted); accord United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). Consequently, Petitioner's claims, which are non-jurisdictional, were waived when he entered his

guilty plea except for his third claim – that he was induced into pleading guilty only through ineffectiveness of counsel.

Accordingly, it is respectfully recommended that Petitioner previously waived his Fourth Amendment, ineffective assistance of counsel, and Miranda claims.

**D.     Petitioner's Involuntary Plea Claim Is Without Merit.**

The Fifth Circuit has determined that when the validity of a plea is contested, "whether [the petitioner] received constitutionally deficient counsel prior to pleading guilty is relevant to the validity of the plea itself." United States v. Guidry, 462 F.3d 373, 378 n.6 (5th Cir. 2006) (citation omitted). If a habeas petitioner complains that his guilty plea was involuntary due to ineffective assistance of counsel, the Fifth Circuit has established that "he must meet the two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668, 678 ... (1984)." Uresti v. Lynaugh, 821 F.2d 1099, 1101 (5th Cir. 1987). Therefore, "[t]o demonstrate ineffectiveness of counsel in the plea bargaining arena, [petitioner] must establish that his trial counsel's performance: (1) fell below an objective standard of reasonable competence and (2) that he was prejudiced by his counsel's deficient performance." James v. Cain, 56 F.3d 662, 667 (5th Cir. 1995) (citation omitted). Petitioner has the burden of proof under the Strickland test. See Carter

v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997).  In order to show counsel's performance was deficient, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Id. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) (there is a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance).

The Fifth Circuit has established that with respect to a guilty plea, counsel "must actually and substantially assist his client in deciding whether to plead guilty ... [and] provide the accused an 'understanding of the law in relation to the facts.'" Herring v. Estelle, 491 F.2d 125, 128 (5th Cir. 1974) (citations omitted); see also Pollinzi v. Estelle, 628 F.2d 417, 419 (5th Cir. 1980) (per curiam) ("Where a defendant pleads guilty, counsel's responsibility is to determine whether the plea is

entered voluntarily and knowingly, ... to assist his client actually and substantially in deciding whether to plead guilty, ... to provide the accused with an understanding of the law in relation to the facts, ... and to give advice that permits the accused to make an informed and conscious choice.") (citations omitted). The attorney's advice "need not be perfect, but it must be reasonably competent." Id. (citation omitted). For a petitioner to succeed on a complaint that counsel rendered ineffective assistance in connection with a guilty plea, he must prove that counsel's "misadvice fell short of 'an objective standard of reasonableness.'" Czere v. Butler, 833 F.2d 59, 63 (5th Cir. 1987) (citation omitted). A petitioner must show that "the advice he received from [his attorney] during the course of the representation and concerning the guilty plea was not 'within the range of competence demanded of attorneys in criminal cases.'" Smith, 711 F.2d at 682 (quoting Tollett v. Henderson, 411 U.S. 258, 266 (1973)).

A reviewing court need not consider the deficiency prong if it concludes that petitioner has failed to show actual prejudice. Strickland, 466 U.S. at 697; Amos, 61 F.3d at 348. "The Supreme Court [has also] emphasized that this two-part Sixth Amendment inquiry need proceed in no particular order." Czere, 833 F.2d at 63 (citation omitted). The Fifth Circuit has held that a petitioner must establish "actual prejudice as a result of his counsel's ineffectiveness." Moody v. Johnson,

139 F.3d 477, 482 (5th Cir. 1998) (citations omitted). "When a defendant complains about attorney error concerning a plea, *Strickland*'s prejudice prong requires a showing that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial." Uresti, 821 F.2d at 1101 (citing Hill, 474 U.S. at 59); accord Theriot v. Whitley, 18 F.3d 311, 312 (5th Cir. 1994) (per curiam) (citing Hill).

In addition, conclusory allegations of ineffective assistance of counsel do not give rise to a constitutional claim for federal habeas relief. See Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000) ("Because [the petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly failed to preserve and did not assert any resulting prejudice, the district court properly determined that these three claims of ineffective assistance were conclusory.") (emphasis in original). The Fifth Circuit has further held that "'[i]n the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced [petitioner], ... we [can find] no merit to these [claims].'" Id. (quoting Barnard v. Collins, 958 F.2d 634, 642 (5th Cir. 1992)).

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective assistance of counsel, petitioner must overcome the presumption of correctness to which the state court's findings are entitled. See Schaetzle v.

Cockrell, 343 F.3d 440, 444 (5th Cir. 2003) ("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a showing under *Strickland*, but] ... whether the state court's decision-that [the petitioner] did *not* make the *Strickland*-showing-was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (*Strickland*), for succeeding on his IAC claim.") (emphases in original). The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching." Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir. 2006).

Here, Petitioner's claim of ineffective assistance of counsel was reviewed, and denied, by the 347th Judicial District Court of Nueces County, Ex Parte Salinas, WR-17,106-08, at 33, and he has not overcome the presumption of correctness to which that decision is entitled. See Schaetzle, 343 F.3d at 444. Specifically, he claims that his attorney's failure to file motions to suppress, for a new trial, or for direct appeal induced his guilty plea. (D.E. 1, at 7). While he does not specify on what grounds the motions for a new trial and limited appeal should have been filed, it appears he thought these motions should have been made to preserve for appeal an objection to the allegedly illegal evidence. He claims that the search warrant used by police did not state the "address that was to be searched

15

and type of vehicle owned by the Petitioner to be searched." (D.E. 2, at 3). However, the police offense report explains that Petitioner was found in room number nineteen at the Mid-town Motel at 2100 Agnes Street, and that a search of that room uncovered the heroin underlying his charge. Ex Parte Salinas, WR-17,106-08, at 42. It mentions nothing of a car, or any other place or thing searched besides that location. Id. Furthermore, Petitioner signed a voluntary statement the day he was arrested acknowledging the heroin found in the hotel room, but making no mention of any car. Id. at 45. In the search warrant affidavit, the only location listed to be searched was room nineteen of the Mid-town Motel at 2100 Agnes Street. Id. at 23-24. Indeed, the only place searched was explicitly covered by the search warrant. Therefore, Petitioner's claim that his attorney should have filed these motions is nothing but a conclusory accusation. See Miller, 200 F.3d at 282.

  Additionally, before Petitioner pleaded guilty, the elements of the charge against him were explained, and he was read an admonishment by the court explaining in detail how his plea must necessarily be voluntary. Ex Parte Salinas, WR-17,106-08, at 21, 30. He then signed an acknowledgment of the admonishment describing how his plea was indeed voluntary, and not the product of any type of coercion. Id. at 31. Of particular relevance, his acknowledgment specifically addressed his defense counsel's role:

> I have had sufficient opportunity to consult with my attorney and have discussed with him all relevant facts and the law applicable in this case. I am satisfied with the representation my attorney has given me, and I have no complaints or objections to such representation.

Id. Finally, he signed his confession, id. at 37-38, and did indeed enter his guilty plea. Id. at 21.

Accordingly, it is respectfully recommended that Petitioner's involuntary plea claim is without merit.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are

adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## V. RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 12), be granted, and the petition, (D.E. 1), be dismissed. Furthermore, it is respectfully recommended that a certificate of appealability be denied.

Respectfully submitted this 14th day of May 2010.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).